WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada 89513
Telephone: (775) 324-2500

Electronically Filed on: September 11, 2024

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO. BK-N 22-50549-HLB |
| | CHAPTER 13 |
| PATRICIA A. SHEEHAN, | |
| | **TRUSTEE'S OBJECTIONS TO** |
| | **MODIFICATION OF CONFIRMED** |
| Debtor. | **CHAPTER 13 PLAN** |
| | |
| | Hearing Date:   September 26, 2024 |
| | and Time:         3:00 pm |
| / | (Time Required - 1 Minute) |

    A confirmed Chapter 13 plan may be modified prior to the completion of payments under the confirmed plan. 11 U.S.C. § 1329(a). The proposed modification may increase or decrease the amount of payments to a particular class of claims, extend or reduce the time for such payments, or alter the amount of a distribution to a creditor provided for in the confirmed plan to the extent necessary to take into account payments from another source. §§ 1329(a)(1), (2) and (3). To the extent the modification proposes to extend the time for payments, the extension period may not exceed five years after the first payment was due under the original plan. § 1329(c). The modified plan must satisfy §§ 1322(a) and 1325(a).

    The Bankruptcy Appellate Panel has held that the disposable income test from § 1325(b) is not applicable to postconfirmation plan modifications and that the court must generally determine whether the modification has been proposed in good faith. In re Sunahara, 326 B.R. 768 (Bankr. 9th Cir. 2005). Reaffirming its conclusion that disposable income is not applicable to plan modifications and responding to comments made by the bankruptcy court, the BAP explained that its holding in Sunahara should not lead to subjective and unpredictable results because the bankruptcy court has an independent duty to determine whether the plan proponent has met his or her burden of proving that the postconfirmation plan modification has been proposed in good faith on a case-by-case basis based on the totality of circumstances. In re Mattson, 468 B.R. 361, (Bankr. 9th Cir. April 5, 2012).

    The projected disposable income test was added to Chapter 13 in 1984. Before the amendment bankruptcy courts were divided on whether a Chapter 13 plan could be confirmed absent a substantial repayment to unsecured creditors. In Mattson, to illustrate the meaning of the good faith test in Chapter 13, the BAP cited In re Goeb, 675 F.2d 1386 (9th Cir. 1982). The Goeb case was decided by the Ninth Circuit before the disposable income test was added to Chapter 13 in 1984. The issue in Goeb was whether Chapter 13 requires a "substantial" repayment to unsecured claims. The Ninth Circuit held that there was no "substantial" repayment requirement but that the bankruptcy court must nevertheless determine whether the plan was proposed in good faith on a case by case basis based on the totality of circumstances. The Ninth Circuit declined to compile a complete list of relevant considerations but it did indicate that the bankruptcy court may consider the substantiality of the proposed payment as well as other factors to determine whether the plan is proposed in good faith. Id. In a footnote, the Ninth Circuit emphasized that the good faith "inquiry is directed to whether or not there has been an abuse of the provisions, purpose or sprit of Chapter XIII in the proposed plan." Id. at 1390, n. 9.

    In Ransom v. FIA Card Services, N.A.,131 S.Ct. 716 (2011), the Supreme Court held that deductions for vehicle payments that would not actually be paid cannot be deducted to calculate projected disposable income. In reaching its conclusion, the Court observed that one of the primary purposes of Congress when it enacted BAPCPA was to ensure that Chapter 13 debtors repay to their creditors the maximum they can afford. Id. See also In re Ransom, 131 S.Ct. 716, 729 (a change in debt service requirements during the term of a confirmed plan may result in a creditor seeking a plan modification under § 1329 to increase the amount a debtor must repay). Accordingly, while the projected disposable income test of § 1329(b) ("the means test") does not apply to a proposed plan modification, the BAP opinions in Sunahara and Mattson clarify that the proposed plan modification should be evaluated in the same manner that the adequacy of plan payments was evaluated prior to the time the disposable income test was added to Chapter 13 in 1984. The Goeb and Ransom cases clarify that the Debtors ability to repay his or her creditors and the adequacy of plan payments remains an important factor that the Court must evaluate to determine whether the plan modification has been proposed in good faith.

**The Trustee objects to the proposed modification of the Debtors' confirmed Chapter 13 Plan for the following reasons:**

__X__   The Debtors' Motion does not disclose sufficient facts and circumstances and related admissible evidence to allow the Trustee to evaluate whether the requirements of §§ 1322(a) and 1325(a) are satisfied.  The Trustee requests that the Debtors amend their schedules and statements required under Fed. R. Bankr. P. 1007(b)(1) and 1007(h) to reflect the Debtors' current financial circumstances including their current income and expenses.  The Trustee also requests that the Debtor's provide related documentation supporting each line item change to the Debtor's schedules and a detailed explanation of why the line item changed.  In the absence of this information, the Trustee submits that the Debtors have not met their burden of proving that their proposed plan modification satisfies the requirements of §§ 1322(a) and 1325(a).

__X___   The Debtors' Motion does not disclose sufficient facts and circumstances explaining why the Debtors were unable to complete their plan as proposed.  The Trustee requests that the Debtors provide a detailed explanation of why the confirmed plan cannot be completed as proposed.  In the absence of this information, the Trustee submits that the Debtors have not met their burden of proving that their proposed plan modification satisfies the requirements of §§ 1322(a) and 1325(a).

__X__   The Trustee requests that the Debtors provide current payroll documentation, operating reports, or other documentation supporting the information in the Debtors' amended Schedules I.  Pending his review of this documentation, the Trustee maintains that the proposed modification does not satisfy §§ 1322(a) (submission of all future earnings), 1325(a)(3) (good faith), 1325(a)(4) (best interest of creditors), and § 1325(a)(6) (feasibility).

- **The Trustee requests that amended schedules be filed**
- **Current income verification be provided**
- **Bank statements for 6 months prior to the modification**

__X__   The Trustee requests that the Debtor provide a declaration that no substantial increase in income is anticipated, and Debtor does not anticipate receipt of any non-exempt assets.

**The modification proposes to reduce the term of the plan to less than 36 months, as the Debtor has paid the plan base in full "using social security income".  If the debtor's sole source of income is in fact from social security and the Debtor can provide evidence that she does not anticipate income from any other source over the remaining 14 months, the Trustee has no objection to the debtor's request to pay the plan early.**

DATED:  September 11, 2024

/S/ William A. Van Meter_____
William A. Van Meter

## CERTIFICATE OF SERVICE

  Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Candice Walker hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on September 11, 2024, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO MODIFICATION OF CONFIRMED CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated: September 11, 2024

                     /S/ Candice Walker
                     Candice Walker

TRICIA M. DARBY, ESQ.
DARBY LAW PRACTICE, LTD.
499 W. PLUMB LANE, SUITE 202
RENO, NV 89509